# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

    vs.                                        No. **CR 03-82 MCA**

**ROBERT ERIC SPURLOCK**,

      Defendant.


## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SUPPRESS


**THIS MATTER** came before the Court on ***Defendant's Motion to Suppress Evidence*** [Doc. No. 21] filed on March 25, 2003.  On April 17, 2003, the Court held an evidentiary hearing on Defendant's motion in Albuquerque, New Mexico.  Having fully considered the pleadings of record, the applicable law, the evidence and arguments of counsel presented at the hearing, and being fully advised in the premises, the Court **DENIES** Defendant's motion based upon the following findings of fact and conclusions of law.

## I.    FINDINGS OF FACT

      1.      On or about November 26, 2002, law enforcement officers sought and obtained a warrant to search Defendant's residence at 502 San Juan de Rio, in Rio Rancho, New Mexico.

2.      In the affidavit of Officer Joey Rodriguez used to support the application for the search warrant, reference is made to the contents of a black garbage bag containing several items and substances associated with the manufacturing of methamphetamine, a controlled substance. This reference was used in establishing probable cause for the issuance of the search warrant.

3.      Officers Joey Rodriguez and Chris French credibly testified at the suppression hearing that the black garbage bag referenced in Officer Rodriguez's search-warrant affidavit was found in a trash receptacle that they retrieved from the public street in front of Defendant's residence between approximately 1:30 p.m. and 2:00 p.m. on or about November 26, 2002.

4.      The testimony presented at the suppression hearing supports a reasonable inference that the contents of the trash receptacle retrieved from the street in front of Defendant's residence by Officer Rodriguez and Officer French on November 26, 2002, were placed therein by the occupants of Defendant's residence.

5.      Defendant did not have a reasonable expectation of privacy in the contents of the trash receptacle when it was placed on the public street in front of his residence.

6.      Officer Ray Alderete credibly testified at the suppression hearing that he was in a position to observe Officer Rodriguez and Officer French at the time they retrieved the trash receptacle from the street in front of Defendant's residence and that the officers did not intrude upon the curtilage of Defendant's residence in performing this task.

-2-

7.    There is no credible evidence that could support a reasonable inference that Officer Rodriguez, Officer French, or any other law enforcement officer retrieved the black garbage bag referenced in Officer Rodriguez's search-warrant affidavit from the curtilage of Defendant's residence or any location other than the trash receptacle on the street in front of Defendant's residence.

8.    Officer Rodriguez's search-warrant affidavit also makes reference to a conversation between Officer Alderete and Defendant's father, Vernon Spurlock, that took place before Officer Rodriguez and Officer French retrieved the trash receptacle from the street in front of Defendant's residence; however, the search-warrant affidavit does not contain a complete transcript of everything that was said in that conversation.

9.    Officer Alderete credibly testified at the suppression hearing that, during the conversation referenced in the search-warrant affidavit, Vernon Spurlock told him that:

   a.    Defendant was cooking something in the den of the house;

   b.    Vernon Spurlock had seen people coming into his back yard to his son's window at early hours of the morning on several occasions;

   c.    Vernon Spurlock believed that his son was involved with drugs;

   d.    Defendant had placed surveillance cameras on the roof of the residence.

This information was accurately conveyed in Officer Rodriguez's search-warrant affidavit.

10.    Officer Alderete credibly testified at the suppression hearing that, during the conversation referenced in the search-warrant affidavit, Vernon Spurlock also told him about items associated with a chemistry set, such as beakers, tubing, and/or glassware, that Vernon

Spurlock observed in the den of the residence.  While Officer Rodriguez's search-warrant affidavit may not have used the exact words spoken by Vernon Spurlock to describe these items, the terminology used by Officer Rodriguez was sufficiently synonymous with Vernon Spurlock's actual statements to render any omission in this regard immaterial for the purpose of establishing probable cause.

11.    According to the testimony of Officer Alderete and Vernon Spurlock at the suppression hearing, Vernon Spurlock also may have attempted to provide Officer Alderete with a possible innocent explanation for Defendant's activities, namely that Defendant was taking a chemistry class in college and was making sea salts and chemical solvents for legitimate purposes.  This information was omitted from Officer Rodriguez's search-warrant affidavit.

12.    In light of the other information accurately conveyed in Officer Rodriguez's search-warrant affidavit, including the information concerning the contents of the black garbage bag found in the trash receptacle retrieved from the street in front of Defendant's residence, the omission of Vernon's Spurlock's statements concerning a possible innocent explanation for Defendant's activities is not material.  Even if the omitted information had been included in the search-warrant affidavit, it would not have been sufficient to dispel the substantial basis for a finding of probable cause established by the other information that was accurately conveyed in the affidavit.

13.    There is no credible evidence that could support a reasonable inference that any inaccuracy or omission in Officer Rodriguez's search-warrant affidavit was made

-4-

knowingly, intentionally, or with reckless disregard for the truth.  Rather, any such inaccuracy or omission was caused by the fact that Officer Rodriguez was attempting to summarize the relevant information provided to him by Officer French concerning Officer Alderete's conversation with Vernon Spurlock in a short period of time so as not to cause undue delay in obtaining the search warrant.

## II.    LEGAL ANALYSIS AND CONCLUSIONS OF LAW

The central questions of constitutional importance in this case are whether Officer Rodriguez's search-warrant affidavit contains affirmative falsehoods or material omissions which affected the Magistrate Judge's determination of probable cause, and whether the contents of the black garbage bag used to support the application for a search warrant were unlawfully obtained from an area in which Defendant has a reasonable expectation of privacy.  Based primarily on the Court's factual finding that the black garbage bag in question was contained in the trash receptacle that law enforcement officers retrieved from the public street in front of Defendant's residence, the Court concludes that the answer to both of these questions is no.

The Fourth Amendment to the United States Constitution protects Defendant's right to be secure in his person and effects against unreasonable searches and seizures.  Because the search in this case was executed pursuant to a warrant, however, it is Defendant's burden to prove that a substantial basis for issuing the warrant was lacking.  See United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997).  It is also Defendant's burden to prove that he has a reasonable expectation of privacy in the area from which the officers obtained the

-5-

black garbage bag referenced in the search-warrant affidavit.  See United States v. Gordon, 168 F.3d 1222, 1226 (10th Cir. 1999).  If Defendant has proven by a preponderance of the evidence that the affiant knowingly, intentionally, or recklessly made an affirmative falsehood or a material omission in the affidavit used to obtain the search warrant, and the affirmative falsehood or material omission was necessary to the finding of probable cause, then the search warrant must be voided and the evidence obtained pursuant to the search warrant must be suppressed.  See Kennedy, 131 F.3d at 1376.

Defendant alleges that Officer Rodriguez's search-warrant affidavit contains an affirmative falsehood with respect to the circumstances under which the black garbage bag was obtained by Officer Rodriguez and Officer French.  Defendant also alleges that Officer Rodriguez's search-warrant affidavit contains affirmative falsehoods and/or material omissions concerning certain statements allegedly made by Vernon Spurlock during his conversation with Officer Alderete.

The Court first examines the reasonableness of the circumstances under which the officers obtained the black garbage bag.  It is well established that individuals do not have a reasonable expectation of privacy in items that they discard in a trash receptacle located on the curb of a public street for the express purpose of conveying those items to a third-party trash collector.  See California v. Greenwood, 486 U.S. 35, 40-41 (1988); United States v. Scull, 321 F.3d 1270, 1278 n.4 (10th Cir. 2003).  Credible testimony at the suppression hearing confirmed that the contents of the black garbage bag referenced in Officer Rodriguez's search-warrant affidavit were discarded under exactly these circumstances.

Accordingly, Defendant has not met his burden of showing that the search-warrant affidavit is tainted by an affirmative falsehood in this regard, nor has Defendant met his burden of showing that he had a reasonable expectation of privacy in the contents of the black garbage bag.

Defendant also has not met his burden of proving that any inaccuracy or omission in the search-warrant affidavit with respect to statements made by Vernon Spurlock during his conversation with Officer Alderete was material.  "[I]n order to invalidate a warrant based on a reckless omission, the information excluded from the affidavit must be material to the magistrate judge's finding."  <u>Kennedy</u>, 131 F.3d at 1377.  "If the magistrate judge would not have altered his probable cause determination even if he had been presented with the omitted material, then the warrant should be upheld."  <u>Id.</u>  In light of the other information that was accurately conveyed in Officer Rodriguez's search-warrant affidavit in this case (including that pertaining to the contents of the black garbage bag), the statements attributed to Vernon Spurlock concerning a possible innocent explanation for Defendant's activities would not have altered the Magistrate Judge's determination of probable cause under the standard articulated in <u>Kennedy</u>, 131 F.3d at 1377-78.

Further, while the search-warrant affidavit may not contain the exact words that Vernon Spurlock used to describe the chemistry equipment that he observed in the den of the residence, the description contained in the search-warrant affidavit is sufficiently synonymous with Vernon Spurlock's description as to render any discrepancy immaterial. There would have been a substantial basis for finding probable cause to issue the warrant

even if Officer Rodriguez had used more general terminology, such as "glassware," instead of words like "plastic beakers," to describe the chemistry equipment observed by Vernon Spurlock.  Therefore, the warrant must be upheld.

III.     **CONCLUSION**

The search warrant issued in this case met the applicable requirements under the Fourth Amendment to the United States Constitution.  Therefore, the exclusionary rule does not provide any basis for suppressing the evidence that was obtained pursuant to that warrant.

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion to Suppress Evidence* [Doc. No. 21]  be and hereby is **DENIED**.

Dated in Albuquerque this 7th day of May, 2003.

**M. CHRISTINA ARMIJO**
United States District Judge